KINGSLEY & KINGSLEY, APC
George R. Kingsley SBN-38022 gkingsley@kingsleykingsley.com
Eric B. Kingsley SBN-185123 eric@kingsleykingsley.com
Darren M. Cohen SBN-221938 dcohen@kingsleykingsley.com
Liane L. Katzenstein SBN-220230 lkatzenstein@kingsleykingsley.com
16133 Ventura Boulevard, Suite 1200
Encino, CA 91436
Tel: (818) 990-8300
Fax: (818) 990-2903

THE LINDE LAW FIRM
Doug A. Linde SBN-217584 dal@lindelaw.net
9000 Sunset Blvd., Suite 1025
Los Angeles, CA 90068
Tel: (310) 203-9333
Fax: (310) 203-9233

Attorneys for Plaintiff
EKA NINUA

SEYFARTH SHAW LLP
Catherine M. Dacre (SBN 141988) cdacre@seyfarth.com
Amy K. Skryja (SBN 214826) askryja@seyfarth.com
560 Mission Street, Suite 3100
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

Attorneys for Defendant
REGIS CORPORATION

UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EKA NINUA, on behalf of herself and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>REGIS CORPORATION; and DOES 1 to 50, inclusive,<br><br>Defendants. | Case No. CV 09 4045 JSW<br><br>**STIPULATION AND [PROPOSED] ORDER TO CONTINUE MEDIATION DEADLINE**<br><br>Filing Date: July 13, 2009<br>Trial Date: March 7, 2011 |

Plaintiff Eka Ninua ("Plaintiff") and Defendant Regis Corporation ("Defendant") (collectively the "parties") hereby stipulate and seek an order of the Court to continue the mediation deadline in this case, as follows:

1. On November 30, 2009, the parties filed a Stipulation and Proposed Order Selecting ADR Process with the above-captioned court. The parties agreed to participate in private mediation.

2. On December 18, 2009, the Hon. Jeffrey S. White entered a case management Order which included a deadline for completing the mediation of April 30, 2010.

3. The parties subsequently agreed to mediate this matter before Jeffrey Ross on April 21, 2010.

4. In anticipation of the mediation, the parties agreed that Plaintiff's deposition would go forward on March 30, 2010. Plaintiff requested a Georgian translator for the deposition. After an extensive search, that included contacting multiple translation companies, Defendant retained a translator, and the March 30, 2010 deposition of Plaintiff commenced as scheduled. However, during the course of the deposition, it became evident to both parties that the translation services were inadequate, creating doubts that a proper record was being made. Accordingly, Plaintiff's deposition was suspended by agreement of the parties. Defendant has agreed to conduct a search for a Georgian translator who can translate in realtime and has experience translating for depositions.

5. The parties have also agreed to complete Plaintiff's FRCP 30(b)(6) person most qualified deposition before the mediation.

6. The parties agreed that the deadline by which to complete mediation should be extended to June 30, 2010 and agreed that the rescheduled mediation would go forward with mediator Jeffrey Ross on June 23, 2010. The parties sought and obtained approval of this Court for an extension of the mediation deadline to accommodate this plan.

7. Since the first day of Plaintiff's deposition, Defendant has been engaged in efforts to locate and retain a Georgian interpreter. Those efforts are set forth in detail in the attached declaration of Robb McFadden. To summarize, many translation/interpretation companies have

been researched and contacted, and very few of them could locate or offer the services of any interpreter fluent in Georgian at all, much less one qualified to perform real-time interpretation. Very recently, through a company called Interprenet, a interpreter was located, however, she lives in New York City and Defendant would be required to pay her travel expenses, including air fare and accommodations, to secure her presence at a deposition. By the time Defendant was able to confirm that the interpreter offered was qualified to do the deposition, and scheduling discussions were conducted, it was too late to arrange and complete the deposition, and complete the deposition of Defendant's witness in time for the scheduled mediation of June 23.

8. I have spoken with the mediator selected by the parties, Jeff Ross, about rescheduling the deposition. He does not have any availability until September 7, 2010.

9. The parties therefore once again seek the approval of the court to stipulate to an extension of time within which to conduct the mediation to September 30, 2010. Additionally, the parties request that the court extend the deadline to file a class certification motion until September 30, 2010.

WHEREFORE, it is hereby stipulated by and between the parties that the mediation deadline in this matter be continued from June 30, 2010 to September 30, 2010, or such other later date as the Court should determine. The parties further jointly request that the deadline for plaintiff to file a class certification motion be extended to September 30, 2010.

Respectfully submitted,

Date: June 4, 2010

KINGSLEY & KINGSLEY, APC

By: _____
Eric B. Kingsley
Darren M. Cohen
Liane L. Katzenstein
Attorneys for Plaintiff
EKA NINUA

---

STIPULATION AND [PROPOSED] ORDER TO CONTINUE MEDIATION DEADLINE
CASE NO. CV 09 4045 JSW

1 | Date: June 4, 2010                                    SEYFARTH SHAW LLP
2
3
4 | By _____
    Catherine M. Dacre
    Amy K. Skryja
5 | Attorneys for Defendant
    REGIS CORPORATION
6

7 | Good cause appearing therefore, as set forth in the above stipulation, the court-ordered

8 | deadline for mediation is hereby extended to September 30, 2010 and the deadline for plaintiff to

9 | file a class certification brief is extended to September 30, 2010.

10

11 | **IT IS SO ORDERED**.

12

13 | DATED: June 4, 2010

14 | _____
    HON. JEFFREY S. WHITE

15
16
17
18
19
20
21
22
23
24
25
26
27
28

12378217v.1   STIPULATION AND [PROPOSED] ORDER TO CONTINUE MEDIATION DEADLINE
              CASE NO. CV 09 4045 JSW